# UNITED STATES DISTRICT COURT
## Eastern District of California

## Superseding Petition For Warrant or Summons For Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Reginald L. Thomas | **Docket Number:** | 0972 2:11CR00216-02 |

**Name of Judicial Officer**: United States District Judge Morrison C. England, Jr.

**Date of Original Sentence:** 2/5/2015

**Original Offense:** 18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud (Class B Felony) and 18 U.S.C.§ 1028A - Aggravated Identity Theft (Class E Felony)

**Original Sentence:** Custody of the Bureau of Prisons (BOP) for a total term of 21 months as to Count 1 and 24 months as to Count 4 to run consecutively to each other for a total term of imprisonment of 45 months; 60 months Supervised Release; DNA; No Firearms; $200 Assessment; $467,897.14 Restitution.

**Special Conditions:**

1. Warrantless Search
2. Financial Disclosure
3. No New Debit/Credit
4. Drug/Alcohol Treatment
5. Drug/Alcohol Testing
6. No Alcohol
7. Aftercare Co-payment
8. Cognitive Behavioral Treatment

**Type of Supervision:** TSR

**Date Supervision Commenced:** 5/22/2015

**Other Court Actions:**

07/13/2016: Modification of Conditions of Supervision to include Special Condition number 9 – Location Monitoring Program for a period of 45 days.

Page **1** of **10**

PROB 12C
(07/13)

| | |
|---|---|
| 05/29/2019: | Prob 12C- Petition for Warrant For Offender Under Supervision filed with the Court alleging 1) Failure to Make Fine/Restitution Payments as Directed; 2) Failure to Follow Instructions of the Probation Officer; 3) Failure to Follow Instructions of the Probation Officer; 4) New Law Violation; 5) Unauthorized/Excessive Use of Alcohol. |
| 09/25/2019 | Initial appearance hearing. Thomas was ordered detained pending Admit/Deny Hearing scheduled for 10/10/2019. |

---

### PETITIONING THE COURT

☐ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☒ **OTHER: Superseding Petition to add Charges 6 and 7.**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1:**     **FAILURE TO MAKE FINE/RESTITUTION PAYMENTS AS DIRECTED**

On February 27, 2019, the probation officer directed the offender to pay restitution, effective March 4, 2019. The offender failed to make restitution payments for March and May 2019. This conduct is in violation of criminal monetary penalties, which states, "*The defendant must make restitution*."

**Charge 2:**     **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On February 27, 2019, the probation officer directed the offender to pay restitution, effective March 4, 2019. The offender failed to follow instructions. This conduct is in violation of Standard Condition number 3, which states, "*The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer*."

**Charge 3:**     **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On March 19 and April 16, 2019, the probation officer directed the offender to complete a financial statement packet and return it to the probation officer by April 26, 2019. The offender failed to comply with instructions. This conduct is in violation of Standard Condition number 3, which states, "*The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer*."

**Charge 4:**     **NEW LAW VIOLATION**

On May 4, 2019, the offender was arrested by an officer of the Fairfield, California, Police Department for driving under the influence of alcohol. This conduct is in violation of the mandatory condition, which states, *"The defendant shall not commit another federal, state or local crime."*

**Charge 5:**     **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**

On May 4, 2019, the offender was arrested by an officer of the Fairfield, California, Police Department for driving under the influence of alcohol. This conduct is in violation of the Special Condition number 6, which states, "*The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.*"

**Charge 6:**     **NEW LAW VIOLATION**

On September 21, 2019, the offender was arrested by an officer of the California Highway Patrol for false impersonation (felony), false impersonation (misdemeanor), false identification to peace officer (misdemeanor), driving under the influence (DUI) of alcohol (misdemeanor), DUI with .08% BAC or greater (misdemeanor), and chemical test refusal (DUI enhancement). This conduct is in violation of the mandatory condition, which states, *"The defendant shall not commit another federal, state or local crime."*

**Charge 7:**     **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**

On September 21, 2019, the offender was arrested by an officer of the California Highway Patrol for driving under the influence of alcohol. This conduct is in violation of the Special Condition number 6, which states, "*The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.*"

**Justification:** The offender began supervision on May 22, 2015, in the Northern District of California, where he successfully completed counseling and drug testing regiments. In July 2017, his case was transferred to the Central District of California for supervision. While under supervision in the Central District of California, the offender also completed regular drug testing regiment. Subsequently, the offender requested to return to the Eastern District of California, and supervision commenced on December 27, 2018.

As to Charges 1 and 2: On February 27, 2019, the probation officer met with the offender and discussed his failure to pay restitution. Although the offender made some restitution payments in the past, records reflect he had not made any restitution payments since February 25, 2018. He was defaulted on his restitution payments for approximately one year. On February 27, 2019, the offender signed an informal payment plan agreeing to pay $50 per month, effective March 4, 2019. As of the filing of this report, the offender failed to make restitution payments for March and May 2019 and failed to follow the instructions of the probation officer. However, he made one payment in the amount of $75 in April 2019.

As to Charge 3: On March 19, 2019, the probation officer emailed a copy of the financial statement packet to the offender and directed him to complete and return it to the probation officer as soon as possible. During

a follow up call to the offender, he agreed to return a complete financial packet to the probation officer by April 2, 2019. The offender failed to follow through. On April 4, 2019, the undersigned called the offender to remind him to turn in the financial packet. Subsequently, he turned in an incomplete financial packet on April 5, 2019. On April 10, 2019, the probation officer spoke with the offender regarding the incomplete financial packet. He agreed to send a complete copy by April 11, 2019. Again, he failed to follow through. On April 16, 2019, the probation officer contacted him and directed him to turn in a complete financial packet by April 26, 2019. As of the filing of this report, the offender has not turned in the complete financial packet as directed.

As to Charges 4 and 5: On May 7, 2019, the offender reported he was arrested for driving under the influence of alcohol. Further investigations revealed the offender was arrested by an officer from the Fairfield Police Department (FPD) on May 4, 2019. According to FPD arrest report, an officer stopped the offender for speeding. During contact, the officer observed symptoms of alcohol intoxication. The officer conducted a field sobriety test, which revealed a .126% blood alcohol concentration. Subsequently, the offender was arrested and booked into Solano County Jail for Driving Under the Influence of Alcohol and Driving Under the Influence of Alcohol .08 percent.

As to Charges 6 and 7: On September 21, 2019, the offender was arrested for driving under the influence of alcohol by an officer of the California Highway Patrol (CHP). According to the CHP arrest report, an officer stopped the offender for speeding and driving in a serpentine manner. During contact, the officer observed symptoms of alcohol intoxication. The officer conducted a field sobriety test, which revealed a .166% blood alcohol concentration. Subsequently, the offender was arrested for Driving Under the Influence. The officer advised the offender of implied consent per California Vehicle Code 2361; it was explained to the offender the difference between the breath test and blood test, and his right to refuse both tests. The offender related he would not do a chemical test. The offender was transported to the California Highway Patrol Solano Area Office; a search warrant and affidavit were prepared for a DUI blood draw. After the blood draw, the offender was transported to the Solano County Jail, where it was discovered the offender had provided false identifying information to the officer. Subsequently, the offender was booked into Solano County Jail for false impersonation (felony), false impersonation (misdemeanor), false identification to peace officer (misdemeanor), driving under the influence (DUI) of alcohol (misdemeanor), DUI with .08% BAC or greater (misdemeanor), and chemical test refusal (DUI enhancement).

**Detention:** The offender has a lengthy criminal history, including two prior DUI arrests, possession of a loaded firearm, and domestic violence, producing a criminal history category VI. As to the allegations herein, the offender failed to comply with multiple conditions of supervision and was recently arrested for driving under the influence of alcohol on two occasions. Given the offender's breach of trust of the Court's conditions of supervision and driving under the influence of alcohol, it is believed his actions create a danger to the community. The offender has been in custody since his arrest on September 21, 2019. As such, it is respectfully recommended that he remain in custody throughout his violation proceedings.

RE: **Reginald L. Thomas**　　　　　　　　　**Docket Number: 0972 2:11CR00216**

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**　**October 4, 2019**
　　　　　　　　　**Sacramento, California**

Respectfully submitted,

**Miriam E. Olea**
**United States Probation Officer**
Telephone: (916)930-4353

**DATED:**　10/4/2019

Reviewed by,

**Ronnie Preap**
**Supervising United States Probation Officer**

RE: **Reginald L. Thomas**  Docket Number: 0972 2:11CR00216

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ The issuance of a warrant.

☐ The issuance of a summons.

☒ Other: **Superseding Petition to add Charges 6 and 7.**

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☐ Initial appearance and detention hearing before Magistrate Judge.

**Dated: October 7, 2019**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Matthew Morris

United States Marshal Service

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Morrison C. England, Jr.
United States District Judge
Sacramento, California

                                                            RE:    Thomas, Reginald L.
                                                                        **Docket Number:** 0972 2:11CR00216-02

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**      **FAILURE TO MAKE FINE/RESTITUTION PAYMENTS AS DIRECTED**

     a. **Evidence:**

          i. Informal Payment Plan signed February 27, 2019

          ii. Offender Payment Enhanced Report Access (OPERA) Records

     b. **Witnesses:**

          i. United States Probation Officer, Miriam E. Olea

**Charge 2:**      **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

     a. **Evidence:**

          i. Informal Payment Plan signed February 27, 2019

          ii. Offender Payment Enhanced Report Access (OPERA) Records

     b. **Witnesses:**

          i. United States Probation Officer, Miriam E. Olea

**Charge 3:** **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**
  a. **Evidence:**
     i. An email containing attached financial statement packet
  b. **Witnesses:**
     i. United States Probation Officer, Miriam E. Olea

**Charge 4:** **NEW LAW VIOLATION**
  a. **Evidence:**
     i. Fairfield Police Department Arrest Report #1905040021
  b. **Witnesses:**
     i. Fairfield Police Department officer

**Charge 5:** **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**
  a. **Evidence:**
     i. Fairfield Police Department Arrest Report #19-05305
  b. **Witnesses:**
     i. United States Probation Officer, Miriam E. Olea

**Charge 6:** **NEW LAW VIOLATION**
  a. **Evidence:**
     i. California Highway Patrol Arrest Report #F224-365-19
  b. **Witnesses:**
     i. California Highway Patrol Officer

**Charge 7:** **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**
  a. **Evidence:**
     i. California Highway Patrol Arrest Report #F224-365-19
  b. **Witnesses:**
     i. California Highway Patrol Officer

RE: **Reginald L. Thomas**   Docket Number: 0972 2:11CR00216

    ii.  United States Probation Officer, Miriam E. Olea

Respectfully submitted,

*[signature]*

**Miriam E. Olea**
**United States Probation Officer**
Telephone: (916)930-4353

**DATED:** 10/4/2019
Sacramento, California

Reviewed by,

*[signature]*

**Ronnie Preap**
**Supervising United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Offender:** | Reginald L. Thomas | **Docket Number:** | 0972 2:11CR00216 |
| **Date of Original Offense:** | March 2008 to July 2010 | | |

**Original term of supervised release imposed:** 5 **years**

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** VI

**Original guideline range:** 120 **to** 150 **months.**

**Chapter 7 range of imprisonment:** 21 **to** 27 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

☐     **Class A felony - 5 years (or stat max of** Click here to enter text. **years if longer)**
☒     **Class B felony - 3 years**
☐     **Class C and/or D felony - 2 years**
☐     **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☐  **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.