McGREGOR W. SCOTT
United States Attorney
TANYA B. SYED
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-012-MCE |
|---|---|
| Plaintiff, | CASE NO. 2:11-CR-216-MCE |
| v. | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING STATUS OF COUNSEL HEARING; FINDINGS AND ORDER |
| REGINALD THOMAS, | |
| Defendant. | DATE: September 24, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This matter is set for a status of counsel hearing on September 24, 2020.

2. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

3. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

4. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

5. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

6. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

7. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

8. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources.  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

9. On April 17, 2020, General Order 617 was issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10. On May 13, 2020, General Order 618 was issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

11. On June 29, 2020, General Order 620 was issued, authorizing the continued use of videoconference for certain hearings.

12. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

1  hearings now, this District will be in a better position to work through the backlog of criminal and civil
2  matters once in-person hearings resume.
3      13.    The defendant has an interest in this status of counsel hearing.  Were this Court to delay
4  the status of counsel hearing until a time when the proceeding may be held in person, the defendant's
5  interest in furthering his case would be delayed.
6      14.    Given the public health restrictions on physical contact and court closures existing in the
7  Eastern District of California, conducting a status of counsel hearing by videoconference is the only
8  option at this time
9      15.    The defendant has consulted with his counsel regarding the use of videoconference for
10 this hearing.  The defendant waives his physical presence at the hearing and consents to remote hearing
11 by videoconference and counsel joins in that waiver.
12     IT IS SO STIPULATED.

Dated:  September 21, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ TANYA B. SYED
TANYA B. SYED
Assistant United States Attorney

Dated:  September 21, 2020

/s/ OLAF HEDBERG
OLAF HEDBERG
Counsel for Defendant
REGINALD THOMAS

///
///
///
///
///
///
///

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that the defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority, the status of counsel hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated:  September 22, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE